# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

FLOW VALVE, LLC, an Oklahoma )
limited liability company, )
 )
    Plaintiff, )
 )
vs. ) Case No. CIV-13-1261-F
 )
FORUM ENERGY TECHNOLOGIES, )
INC., a Delaware corporation, et al., )
 )
    Defendants. )

## ORDER

Defendant Buddy Wood's motion to dismiss plaintiff Flow Valve, LLC's First Amended Complaint under Rule 12(b)(6), Fed. R. Civ. P., is before the court. Doc. no. 54. The First Amended Complaint, doc. no. 36 (the complaint), alleges patent infringement (count one), and violation of Oklahoma's Uniform Trade Secrets Act (count two). Mr. Wood is named as a defendant on both claims, and his motion challenges both claims. The briefing is complete.

<u>Standards</u>

The inquiry under Rule 12(b)(6) is whether the complaint contains enough facts to state a claim for relief that is plausible on its face. <u>Ridge at Red Hawk, L.L.C. v. Schneider</u>, 493 F.3d 1174, 1177 (10th Cir., 2007), quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 547 (2007). To survive a motion to dismiss, a plaintiff must nudge his claims across the line from conceivable to plausible. *Id*. The mere metaphysical possibility that some plaintiff could prove some set of facts in support

of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims. Ridge at Red Hawk, 493 F.3d at 1177. In conducting its review, the court assumes the truth of the plaintiff's well-pleaded factual allegations and views them in the light most favorable to the plaintiff. *Id*. Pleadings that are no more than legal conclusions are not entitled to the assumption of truth; while legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009). When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id*.

Flow Valve's response to the motion to dismiss includes an affidavit. Doc. no. 56-1. However, in considering this 12(b)(6) motion, the court does not rely on any matters extraneous to the complaint. *See*, Christensen v. Big Horn County Board of County Commissioners, 374 Fed. Appx. 821 (10th Cir. 2010) (fact that court received outside materials does not convert 12(b)(6) motion to summary judgment motion, unless the district court relied on this material in rendering its decision). The court declines to convert the motion to one for summary judgment. Accordingly, matters outside the pleadings, such as the affidavit, have not been considered in evaluating dismissal.

Misappropriation of Trade Secrets Claim

Mr. Wood's first argument is that the trade secret misappropriation claim alleged against him fails because it is time-barred on its face under a three-year statute of limitations. Mr. Wood relies on the following allegations. The complaint alleges that Mr. Wood "absconded with" physical manifestations of plaintiff's protected trade

secrets; that Mr. Wood left his business association with plaintiff Flow Valve the fall of 2008; that Mr. Wood disclosed plaintiff's trade secret information to plaintiff's detriment "in order to enhance Wood's compensation in FET's [Forum Energy Technologies, Inc.'s] purchase of WFP [Wood Flowline Products, LLC]"; and that the referenced purchase of WFP occurred in February of 2011. Mr. Wood argues that he was added as a defendant to this action in April of 2014, which is more than three years after he allegedly absconded with the trade secrets, presumably when he left his business association with plaintiff Flow Valve in 2008, and which is also more than three years after he allegedly disclosed misappropriated trade secrets in 2001 in conjunction with FET's purchase of WFP.

Title 78 O.S. 2011 § 91 provides that "An action for misappropriation must be brought within three (3) years after the misappropriation is discovered or by the exercise of reasonable diligence should have been discovered." The complaint states nothing about when the misappropriation was discovered by plaintiff Flow Valve. Accordingly, contrary to Mr. Wood's contention, the complaint is not time-barred on its face.

Mr. Wood further argues that to avoid dismissal plaintiff Flow Valve must plead facts showing when it discovered the alleged misappropriation, and must also plead facts showing that it exercised reasonable diligence in making that discovery. The argued-for standard would require Flow Valve to anticipate and negate the affirmative defense of limitations. As stated in 5B <u>Wright & Miller, Federal Practice and Procedure: Civil 3d</u> §1357 at n.68, a court may, in its discretion, decide that a motion for summary judgment is a more appropriate procedural device than a motion

to dismiss for dealing with an affirmative defense. That is the case here, where evidence will benefit the court in determining whether the claim is time-barred.

Based on the foregoing, the court rejects Mr. Wood's argument that the trade secret misappropriation claim should be dismissed based on limitations.

Mr. Wood next argues that the complaint fails to allege a plausible claim of trade secret misappropriate for various reasons including but not limited to: failure to adequately describe the nature of the trade secrets; failure to plausibly allege circumstances showing the trade secrets have been subject to reasonable efforts to maintain their secrecy; failure to adequately explain the policies referred to in the complaint as "policies regarding the secrecy of Plaintiff's protected trade secrets"; failure to allege facts supporting the relevant elements of misappropriation under the statute, such as acquiring knowledge of the trade secret by improper means, and knowledge at the time of the disclosure or use that the knowledge of the trade secret was acquired under circumstances giving rise to a duty to maintain its secrecy; failure to identify circumstances which would have created a duty on the part of Mr. Wood to maintain the secrecy of the alleged trade secrets; and failure to adequately differentiate among the defendants with respect to the trade secret claims (*i.e.*, engaging in "group pleading").

Despite these various arguments which would appear to assert that a relatively detailed complaint is necessary, Mr. Wood's moving brief states as follows: "In order to state a plausible claim for relief under the Uniform Trade Secrets Act, Flow Valve must adequately plead that (1) it has a protectable trade secret and (2) that the trade secret has been appropriated." Doc. no. 55, p. 6, citing All Business Solutions, Inc. v. NationsLine, Inc., 629 F. Supp. 2d 553, 558 (W.D. Va. 2009) (explaining that to

state a claim under the Virginia Uniform Trade Secrets Act, plaintiff must allege sufficient facts to establish these elements).

The complaint meets these requirements, argued for by Mr. Wood. As to the first prong of the test, the complaint alleges that Mr. Wood was aware of the '213 patent technology, and was aware of Flow Valve's use of the '213 patent technology as Flow Valve's protected trade secrets while the defendants enjoyed contractual relations with plaintiff Flow Valve. Doc. no. 36, ¶ 16. Immediately after this allegation, ¶ 17 of the complaint alleges that the now former business associates of plaintiff, "including Defendant Wood," absconded with physical manifestations of plaintiff's trade secrets, including specifications, and samples. As to the second prong, the complaint gives at least some specifics of the alleged misappropriation. For example, plaintiff alleges that the former business associates of plaintiff "including Defendant Wood, disclosed the misappropriated trade secrets to at least Shaw Machine and Gonzales Machining for the purpose of manufacturing parts for Defendant FET in direct competition against Plaintiff." *Id*., ¶ 18.

The court has reviewed all of the arguments for dismissal stated in this portion of Mr. Wood's brief. Having done so, it finds none of them persuasive. It is not necessary to separately discuss each of these rejected arguments. However, the court separately addresses Mr. Wood's argument that the misappropriation claim is insufficient because it engages in "group pleading." (It does so because that argument comes up again in the context of the motion to dismiss the patent infringement claim.) In this case, the alleged relationship among the defendants makes it understandable that claims would be linked by common allegations. The complaint makes specific references to conduct by Mr. Wood. And the claims involved in this action are

relatively straightforward, involving only three defendants. In these circumstances, the purported "group pleading" is not a deficiency with respect to the misappropriation claim.

The misappropriation claim will not be dismissed.

## Patent Infringement Claim

Mr. Wood argues that the patent infringement claim fails to satisfy the pleading requirements of Form 18, found in the Appendix of Forms to the Federal Rules of Civil Procedure. Form 18 provides the pleading standard. K-Tech Telecommunications, Inc. v. Time Warner Cable, Inc., 714 F.3d 1277, 1284 (Fed. Cir. 2013), citing Superior Industries, LLC v. Thor Global Enterprises Ltd., 700 F.3d 1287, 1295 (Fed. Cir. 2012). In a case involving a direct patent infringement claim, the Federal Circuit has stated that Form 18 requires the following: (1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that defendant has been infringing the patent by making, selling, and using the device embodying the patent; (4) a statement that the plaintiff has given the defendant notice of its infringement; and (5) a demand for an injunction and damages. K-Tech, 714 F.3d at 1283. Mr. Wood argues that the complaint fails to identify the alleged infringing device as required by the third prong of the test. Mr. Wood also argues that the complaint fails to plead notice under 35 U.S.C. § 287 as required by the fourth prong of the test.

As for identification of the alleged infringing device, a plaintiff is not required to point to the specific device or product which allegedly infringes plaintiff's patent. *Id*. at 1286. This is especially true when the operation of the allegedly infringing systems (or device) is not ascertainable without discovery. *Id*. A defendant cannot

shield itself from a complaint for direct infringement by operating in such secrecy that the filing of a complaint itself is impossible. *Id*. Moreover, the touchstones of an appropriate analysis under Form 18 are notice and facial plausibility. *Id*. While these requirements serve as a bar against frivolous pleading, it is not an extraordinarily high bar. *Id*. The adequacy of the facts pled depends on the breadth and complexity of both the asserted patent and the accused product or system, and on the nature of the defendant's business activities. *Id*. The required level of detail of the description is dictated by the facts and circumstances of the action; identification of a general category of products as well as specific features is sufficient to satisfy Form 18. *Id*. at 1286-87, citations omitted.

The complaint alleges that the '213 patent "relates to technology used by Plaintiff to secure and hold pieces of bent tubing, while the pieces are machined. The pieces thus manufactured by this technology are ultimately assembled into finished products and are sold for use in the oil and gas well completion and production business." Doc. no. 36, ¶ 12. The complaint alleges that Mr. Wood was aware of plaintiff's use of the '213 patent technology as trade secrets, *id*. at ¶ 16; that Mr. Wood "absconded with physical manifestations of Plaintiff's protected trade secrets, including specifications and samples...." *id*. at ¶ 17; and that Mr. Wood infringed the '213 patent "by making the patented invention several times and then using that patented invention to manufacture products...." *Id*. at ¶ 21. Accordingly, plaintiff Flow Valve has alleged that its invention is a device to secure and hold pieces of bent tubing while the pieces of tubing are being machined; that pieces thus manufactured are assembled into finished products sold for use in the oil and gas well completion and production business; and that Mr. wood infringed the patent by making the

patented invention and using that patented invention to manufacture products. In addition, plaintiff Flow Valve argues that it cannot be more specific at this stage, without full access to defendants' devices. The allegations provide sufficient identification of the alleged infringing device.

Mr. Wood's other form-based argument (the fourth prong of the test) is that the complaint does not satisfy the marking and notice requirements of Form 18. This requirement is derived from 35 U.S.C. § 287, entitled "Limitation on damages and other remedies; marking and notice." Subsection (a) of § 287 provides that "Patentees, and persons making, offering for sale, or selling ... any patented article...may give notice to the public that the same is patented, either by fixing thereon the word 'patent' or the abbreviation 'pat.'..." Section 287(a) further provides that "In the event of failure so to mark, no damages shall be recovered by the patentee in any action for infringement, except on proof that the infringer was notified of the infringement and continued to infringe thereafter, in which event damages may be recovered only for infringement occurring after such notice. Filing of an action for infringement shall constitute such notice." Thus, where there has been a failure to mark, § 287(a) limits damages for infringement to damages after notice of the infringement, and further provides that filing an action for infringement shall constitute such notice.

This action seeks not only damages, but an injunction as well. Accordingly, even if a failure to mark under § 287(a) operates to limit damages (an issue the court does not reach), that finding would not result in dismissal of the entire patent infringement claim. As for notice of the infringement, § 287(a) provides that where a device has not been marked, damages are not recoverable prior to the giving of

notice of the infringement, and that the filing of an action constitutes notice. An action has been filed against Mr. Wood. Thus, even if notice of infringement was not given earlier (an issue the court does not reach), such a fact, if proven, would not require dismissal of the entire patent infringement claim.

The patent infringement claim against Mr. Wood will not be dismissed for failure to comply with requirements of Form 18.

Mr. Wood next argues that the patent infringement claim should be dismissed because it fails to provide Mr. Wood with adequate notice of the nature of this claim under the requirements of Iqbal and Twombly.

In this portion of his moving brief, Mr. Wood argues that the complaint invokes "group pleading" because it does not set forth which defendants were allegedly doing what. As previously stated, the complaint alleges a relationship among the defendants; describes conduct of Mr. Wood, in particular; and this action alleges claims which are relatively straightforward and which are asserted against three defendants. In these circumstances, "group pleading" does not require dismissal of the patent claim.

Mr. Wood also argues that the complaint fails to adequately allege how the '213 patent is being infringed. Among other things, Mr. Wood complains that the complaint alleges defendants infringed the patent "both literally and by the doctrine of equivalents." He complains that use of the word "both" in this allegation (as opposed to "either or," or "and/or," which Mr. Wood contends would have been preferable) is confusing and fails to give adequate notice of the nature of the patent infringement claim. Litigants are not held to the standards of The Elements of Style. Regardless, "both" means "both," and the term is not unnecessarily confusing.

Mr. Wood also complains that the complaint fails to indicate when the defendants allegedly infringed the '213 patent. Mr. Wood argues that the patent infringement claim is not plausible because dates alleged in the complaint show that the patent did not issue until July 10, 2012, doc. no. 36, ¶ 12, which was after Mr. Wood allegedly left his association with Flow Valve. In support of the argument that this sequence of events requires dismissal, Mr. Wood cites <u>Welker Bearing Co. v. PHD, Inc.</u>, 550 F.3d 1090, 1095 (Fed. Cir. 2008), for the proposition that "The patentee may of course obtain damages only for acts of infringement after the issuance of the patent." Doc. no. 59, p. 8. <u>Welker</u> relates to damages and makes the statement quoted by Mr. Wood at the summary judgment stage. <u>Welker</u> does not stand for the proposition that a patent infringement claim which seeks both injunctive relief and damages should be dismissed if the pleadings reveal that the patent issued after certain conduct by the plaintiff. Moreover, the complaint alleges that Mr. Wood was aware of the pending patent application, and that he directed activity which led to the alleged infringement. Doc. no. 36, ¶¶ 16, 23. In these circumstances, it would be premature to dismiss the patent infringement claim based on the alleged fact that Mr. Wood left his association with plaintiff Flow Valve prior to the date the patent issued.

Mr. Wood also argues that facts are not alleged to support a claim of willful infringement, citing <u>In re Seagate Technology, LLC</u>, 497 F.3d 1360, 1371 (Fed. Cir. 2007). <u>Seagate</u> discusses proof of willfulness in the context of a dispute regarding the proper scope of discovery. *Id*. at 1371. <u>Seagate</u> did not involve the sufficiency of pleadings. Regardless, willfulness (like other subjects which Mr. Wood complains are not addressed in the complaint) is more appropriately determined at a later stage, with the benefit of a more fully developed record.

Whether or not specifically addressed in this order, the court has considered, and has rejected, all of Mr. Wood's arguments for dismissal of the patent claim.

### Ruling

After careful consideration, the motion to dismiss is **DENIED**.

Dated this 18th day of July, 2014.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

13-1261p009.rev.wpd